UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HERCULES OFFSHORE, INC.** | * | CIVIL ACTION |
| | * | |
| versus | * | NO. 13-5451 |
| | * | |
| **DAMON HOWARD** | * | SECTION "L" (4) |

ORDER AND REASONS

Before the Court are two motions: Defendant Damon Howard's motion to dismiss (Rec. Doc. 15) and Plaintiff Hercules Offshore, Inc.'s ("Hercules") motion for summary judgment (Rec. Doc. 22). The Court has reviewed the briefs and applicable law and, having heard oral argument on the motions, now issues this order and reasons.

I.  BACKGROUND

This case involves a claim for benefits under the Employee Retirement Income Security Act ("ERISA"). On July 1, 2013, Howard filed an action under ERISA in the United States District Court for the Southern District of Mississippi. (Rec. Doc. 1-4 at 1). Apparently, the disability that gave rise to that claim was the result of an employment-related incident that took place in November of 2007. That incident was the subject of a lawsuit, which was previously before this Court. (Rec. Doc. 1-1 at 2). Settling the claims in that lawsuit, Howard signed a Receipt, Release and Indemnity Agreement ("the Settlement Agreement") that has been filed under seal. (Rec. Doc. 20). In the Settlement Agreement, Howard released Hercules and its insurers, among other parties. The Settlement Agreement stated that "Plaintiff, for himself, his heirs, assigns, successors and personal representatives does hereby release, remise, waive and forever discharge the Released Parties from any and all liability...." (Rec. Doc. 22-1 at 2). Included in the list of rights that Plaintiff released were "all rights or causes of action under...the

Employment Retirement Income Security Act of 1974, as amended ("ERISA")...."  (Rec. Doc. 22-1 at 2).

Prior to the filing of his previous lawsuit, Howard claims that he began to receive long-term disability benefits.  (Rec. Doc. 24 at 2).  According to Howard, he continued to receive these benefits after he entered into the Settlement Agreement.  (Rec. Doc. 24 at 2).  On May 1, 2012, nearly two years after the Settlement Agreement was signed, CIGNA Group Insurance, the underwriter of Hercules' ERISA plan, informed Howard that it intended to reduce his long term disability benefits in light of his settlement.  (Rec. Doc. 24-1 at 1).  Howard explains that he appealed this reduction and exhausted his administrative remedies.  (Rec. Doc. 24 at 2).  Subsequently, he filed the above-mentioned lawsuit in the Southern District of Mississippi.  During oral argument, Howard's counsel explained to the Court that the pending lawsuit in Mississippi involves issues regarding Howard's release, the insurance policy's deduction clause, as well as a claims by Howard regarding waiver and estoppel.

On August 15, 2013, Hercules brought the present lawsuit before this Court.  (Rec. Doc. 1).  Hercules asks this Court to enforce the Settlement Agreement.  CIGNA is not a party to the present lawsuit.  The only issue before this Court is the meaning and enforcement of the Settlement Agreement.

The Court with all of the issues before it, rather than just one issue, will be best able to resolve this case.  Accordingly, in the interest of promoting judicial efficiency, the Court finds it necessary to transfer this case to the United States District Court for the Southern District of Mississippi, so that it can be consolidated with Civil Action No. 13-140.  This is permitted under 28 U.S.C. § 1404, which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." *See Van Dusen v. Barrack*, 376 U.S. 612, 614 (5th Cir. 1964) ( "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice....[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....'"); *see also Continental Grain Co. v. Barge, F.B.L.*-585, 364 U.S. 19, 26 (1960)("The idea behind s 1404(a) is that where a 'civil action' to vindicate a wrong--however brought in a court--presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court.").  This action "might have been brought" in the Mississippi District Court.  That court has jurisdiction pursuant to 28 U.S.C. § 1367, since the claims involved in this action "are so related to claims in the action" already before it.  Accordingly,

**IT IS ORDERED** that this action be transferred to the United States District Court for the Southern District of Mississippi, where it can be consolidated with Civil Action No. 13-140.

**IT IS FURTHER ORDERED** that Howard's Motion to Dismiss (Rec. Doc. 15) and Hercules' Motion for Summary Judgment (Rec. Doc. 22) are **DENIED**, reserving the parties' right to re-urge the motions.

New Orleans, Louisiana, this 2nd day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE